UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUBIL HIKMAH KHAN,

                    Plaintiff,

-against-

NORDSTOM CORPORATE HEADQUARTERS,

                    Defendant.

25-CV-236 (LLS)

ORDER TO AMEND

---

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and the "California Code of Regulations Title 2 Section 11062." (ECF 1 at 1.) By order dated March 11, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against Nordstrom Corporate Headquarters, alleging that her former employer discriminated against her on the basis of her religion ("God given rights") and national origin ("National American/indigenous "natural rights"). (ECF 1 at 3.) The following facts are drawn from the complaint.[1]

During Plaintiff's work day on May 1, 2024, she went to the café in a Nordstrom women's store in Manhattan to eat her lunch. (ECF 1 at 9.) The store general manager told

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff that there were "break rooms" for employees and that she had to leave the café. There was "another person" in the café drinking coffee who was allowed to remain, but Plaintiff does not know if that individual "was an employee or a customer." (*Id.*) Later that day, Plaintiff complained to a human resources ("HR") representative about the way that the general manager had spoken to her; the HR representative responded by saying that he "gets frustrated when employees don't follow the rules," and that the store policy was that employees are "not allowed to sit and eat" in the café. (*Id.*)

In August 2024, while Plaintiff was on vacation, an HR manager came looking for Plaintiff in the stock room. A co-worker later told Plaintiff that the HR manager had said that Plaintiff needed to sign a document or risk "disciplinary action," which Plaintiff alleges was retaliatory, unprofessional, and a violation of her privacy. (*Id.* at 10.) It appears that the document Plaintiff was required to sign was a "call monitoring privacy document." (*Id.*) According to the complaint, all employees were required to download to their personal cell phones the "Microsoft Teams app" to enable them to communicate with other employees while at work. (*Id.*) On September 16, 2024, Plaintiff complained to HR that she "believes they are discriminating against me because of my national origin by coercing me to sign the call monitoring privacy document. My employer told me that If I fail to sign this document by September 28th, 2024, my employment would be terminated September 29th 2024." (*Id.*) Plaintiff was fired on September 27, 2024. (*Id.*) Plaintiff claims that her former employer discriminated against her, retaliated against her, and harassed her, and she seeks money damages. (*Id.* at 6.) The Equal Employment Opportunity Commissioner issued a notice of right to sue on October 16, 2024, and Plaintiff timely filed this complaint on January 5, 2025. (*Id.* at 8.)

3

Plaintiff also filed a motion for discovery and a declaration in support of that motion. (ECF 7, 8.)

## DISCUSSION

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). This antidiscrimination provision prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against her, and (2) her race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

The facts alleged in the complaint do not suggest that Plaintiff was mistreated at work based on a characteristic protected by Title VII. At the outset, Plaintiff identifies her religion as

her "God given rights," and her national origin as "National (American/Indigenous); natural rights." (ECF 1 at 3.) It is unclear from these allegations what Plaintiff's religion or national origin are, and what they role they played, if any, in the manner in which Plaintiff was treated. The facts alleged in the complaint do not suggest that Plaintiff was mistreated or treated differently from other employees based on a protected characteristic. Plaintiff alleges that she was asked to leave the café because it was not for employee use, not because of her religion or national origin. Although Plaintiff claims that another individual was allowed to remain in the café, Plaintiff acknowledges that she does not know whether that individual was an employee or a customer. (ECF 1 at 9.) Also, Plaintiff appears to allege that all employees were required to download the Teams app on their personal cell phones and sign related documents, which fails to support an inference that Plaintiff was singled out or targeted in some way. Moreover, Plaintiff acknowledges that she was warned that there could be consequences if she did not comply with these job requirements.(*Id.* at 10.) Because the complaint indicates that all employees were required to comply with these requests, not just Plaintiff, her complaint does not show that she suffered an adverse employment action, or was treated differently from other employees, and that such treatment was because of her religion or national origin.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution and in light of Plaintiff's *pro se* status, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-0236 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The motion for discovery is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 7.)

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

SO ORDERED.

Dated:   September 2, 2025
         New York, New York

                                            _____
                                                   Louis L. Stanton
                                                       U.S.D.J.

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

-against-

_____

_____

_____

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

\_\_\_ Civ. _____ ( \_\_\_ )

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

I. **Parties in this complaint:**

A.  List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name    _____

                   Street Address    _____

                   County, City    _____

                   State & Zip Code    _____

                   Telephone Number    _____

B.  List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant    Name    _____

                   Street Address    _____

                   County, City    _____

                   State & Zip Code    _____

                   Telephone Number    _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

                   Employer    _____

                   Street Address    _____

                   County, City    _____

                   State & Zip Code    _____

                   Telephone Number    _____

II. **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

         _____    Failure to hire me.

         _____    Termination of my employment.

         _____    Failure to promote me.

         _____    Failure to accommodate my disability.

         _____    Unequal terms and conditions of my employment.

         _____    Retaliation.

      _____      Other acts *(specify)*: _____.

      *Note:*  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                                                                                   *Date(s)*

C.    I believe that defendant(s) *(check one)*:

      _____      is still committing these acts against me.

      _____      is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

      ☐    race  _____      ☐    color  _____

      ☐    gender/sex  _____      ☐    religion_____

      ☐    national origin  _____

      ☐    age.  My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

      ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

      *Note:*  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

**III.**    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

|  |  |
|---|---|
| _____ | has not issued a Notice of Right to Sue letter. |
| _____ | issued a Notice of Right to Sue letter, which I received on _____ *(Date)*. |

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C. Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

|  |  |
|---|---|
| _____ | 60 days or more have elapsed. |
| _____ | less than 60 days have elapsed. |

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff    _____

Address                   _____

                          _____

                          _____

                          _____

Telephone Number          _____

Fax Number *(if you have one)*  _____