UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUBIL-HIKMAH KHAN,

                    Plaintiff,

         -against-

NORDSTROM INCORPORATED,

                    Defendant.

25-CV-236 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this action asserting an employment discrimination claim against Nordstrom Incorporated under Title VII of the Civil Rights Act of 1964 ("Title VII"). By order dated September 2, 2025, the Court directed Plaintiff to amend her complaint. Plaintiff filed an amended complaint on December 2, 2025, and the Court has reviewed it. The Court dismisses this action for the reasons set forth below.

## BACKGROUND

In the original 65-page complaint, Plaintiff alleged that Defendant discriminated against her on the basis of her religion ("God given rights") and national origin ("National American/indigenous "natural rights.'") (ECF 1 at 3.) In support of these assertions, Plaintiff alleged that management: (1) told her that, as an employee, she was not permitted eat her lunch in the store café, which was reserved for customers, and that instead she should eat in the employee break room ("café policy"); (2) told other employees while she was on vacation that she had to sign documents or risk facing a "PDD [Performance Documented Discussion]"; and (3) tried to "coerc[e]" her into downloading the Microsoft Teams app to her personal cell phone and sign a related "call monitoring privacy document" ("app policy"). (*Id.*) It appears that Plaintiff was fired for refusing to sign the privacy document and download the Teams app. (*Id.*)

Attached to the complaint is a notice of right-to-sue letter from the Equal Employment Opportunity Commission. (*Id.* at 8.)

In the September 2, 2025 order, the Court held that the complaint did not state a claim under Title VII, explaining that Plaintiff had not alleged facts suggesting that Plaintiff was mistreated at work, or treated differently from other employees, based on her religion or national origin; in fact, it was not clear from her complaint what her religion or national origin are. As far as the Court could glean, the café policy and the app policy applied equally to all employees, not just to Plaintiff, and thus her allegations failed to support an inference that she was singled out on an impermissible basis. Additionally, the manager's comment to other employees, while probably ill-advised, did not give rise to an inference of employment discrimination based on religion or national origin. The Court granted Plaintiff leave to file an amended complaint to provide any additional facts in support of a Title VII claim.

In the 104-page amended complaint, Plaintiff reasserts a claim under Title VII, and she also invokes 42 U.S.C. § 1983, claiming that Defendant violated her constitutional and privacy rights under the First and Fifth Amendments to the United States Constitution; the Electronic Communications Privacy Act; 29 U.S.C. § 1104 and § 1109; the New York City and State Human Rights Laws; the "New York Privacy Act"; and she also asserts a state-law breach of fiduciary duty claim. (ECF 12 at 11.) Plaintiff provides more facts regarding the events giving rise to this action, but her allegations stem from the same events—the application to her of the café policy and the app policy, the manager's comment to others that she needed to sign documents and, ultimately, her firing.[1]

---

[1] Attachments to the amended complaint include documents discussing Nordstrom employee policies, one of which states that "[m]eals cannot be eaten in the customer seating

## DISCUSSION

### A.    Title VII

The amended complaint does not remedy the deficiencies that the Court identified in the original complaint with respect to a Title VII claim. Plaintiff identifies herself as "American born," but does not check the box on the amended complaint form indicating that she is claiming discrimination based on religion. (ECF 12 at 3.) Although Plaintiff provides more details about the events giving rise to this action, the facts she alleges in the amended complaint do not plausibly suggest that Defendant mistreated her, or treated her differently, from other employees based on her national origin, or any other characteristic protected under Title VII. *See, e.g., McKenzie v. Big Apple Training*, No. 22-CV-9554 (GHW) (S.D.N.Y. Nov. 17, 2022) (holding that vague allegations about being "American born" were insufficient to give rise to a plausible inference that national origin was a motivating factor in any adverse employment action).

In sum, the amended complaint does not state a Title VII claim for the same reasons that the original complaint did not state a claim. The Court therefore dismisses the Title VII claim for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Newly asserted causes of action

For the reasons set forth below, Plaintiff cannot state a claim under any of the other statutes she cites for the first time in the amended complaint.

First, Plaintiff invokes 42 U.S.C. § 1983. A civil rights complaint seeking relief under Section 1983 for a violation of constitutional rights must allege facts showing that the defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C.

---

area" of the café, and that violations of that or other policies related to the café could result in termination. (*Id.* at 53-54).

§ 1983. Private entities are therefore not generally liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Defendant is a private entity that does not act under color of state law. Accordingly, to the extent Plaintiff invokes Section 1983, and seeks to assert constitutional claims against Defendant, the Court dismisses those claims for failure to state a claim on which relief may be granted.

Second, Plaintiff invokes the Electronic Communications Privacy Act ("ECPA"). The ECPA provides that "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States." 18 U.S.C. § 2520(a). Here, Plaintiff was apparently fired because she refused to download the Teams app and sign a related document. This assertion does not give rise to an ECPA claim. *Cf. Jean-Baptiste v. United States Dep't of Justice*, No. 22-CV-7811 (VSB), 2023 WL 2648152, at *8 (S.D.N.Y. Mar. 27, 2023) (holding that "conclusory allegations" of being "monitored" were "insufficient to adequately plead a cause of action" under the ECPA); *Kinchen v. St. John's Univ.*, Nos. 17-CV-3244, 17-CV-4409, 2019 WL 1386743, at *9 (E.D.N.Y. Mar. 26, 2019) (holding that the plaintiff did not "plead sufficient factual allegations to plausibly allege that [her employer] accessed any . . . communications on her personal cellular telephone without authorization.")

Third, Plaintiff references 29 U.S.C. § 1104 and § 1109, which are provisions of the Employee Retirement Income Security Act of 1974 ("ERISA") that govern fiduciary responsibilities in the context of employee benefit plans. "To state a claim for breach of fiduciary

4

duty under ERISA, a plaintiff must allege facts which, if true, would show that the defendant acted as a fiduciary, breached its fiduciary duty, and thereby caused a loss to the plan at issue." *Levi v. McGladrey LLP*, No. 12-CV-8787 (ER), 2016 WL 1322442, at *5 (S.D.N.Y. Mar. 31, 2016) (citing *Pension Benefit Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 730 (2d Cir. 2013)). Plaintiff alleges no facts to suggest that Defendant breached its fiduciary duty owed to her under ERISA. *See, e.g., DeLeon v. Teamsters Local 802, LLC*, No. 20-CV-24, 2021 WL 1193191, at *6 (E.D.N.Y. Mar. 29, 2021) (dismissing *pro se* complaint that "does little more than quote" Sections 1104 and 1109, and "does not allege that [the defendant] is a fiduciary of a Plan or how [the defendant] breached [its] fiduciary duties.")

In sum, Plaintiff does not assert facts giving rise to claims under any of the new federal statutes she cites, and the Court dismisses such claims for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii).

**SUPPLEMENTAL JURISDICTION**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    April 21, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

6